*421 OPINION.
Siefkin:
At the hearing counsel for petitioner abandoned the claims as to the impropriety of the proposed additional tax for the years 1921, 1922, and 1923. The only evidence introduced with regard to the deficiency for the year 1920 was a letter from the respondent dated September 22, 1926, in which the respondent stated that the deficiency in tax for the year 1920 was $610.88. The deficiency letter had shown the deficiency to be $1,211.84. However, there is no assignment of error in the petition regarding the deficiency for the year 1920 and the question of the correctness of the deficiency is not before us. The respondent’s determination of deficiencies for the years in question will not be disturbed.
The respondent has .asserted the 50 per cent fraud penalty against the petitioner for each of the years 1920 to 1923, inclusive.
This proceeding was heard subsequent to the enactment of the Revenue Act of 1928.
*422 Section 907 (a) of the Revenue Act of 1924, as amended by section 601 of the Revenue Act of 1928, provides in part as follows:
* * * In. any proceeding involving the issue wlietlier the petitioner has been guilty of fraud with intent to evade tax, where no hearing has been held before the enactment of the Revenue Act of 1928, the burden of proof in respect of such issue shall be upon the Commissioner. * * *
The record does not prove that the petitioner, in any of the years, was guilty of filing false and fraudulent returns with intent to evade the tax. The petitioner is, therefore, not liable for the penalties asserted by the respondent.

The deficiencies are $1,877.81¡. for the year 1980, $8,⅛18.38 for the year 1981, $1,8⅛5.95 for the year 1988, and $888.90 for the year 1983.